```
         IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ALABAMA
                NORTHEASTERN DIVISION
```

FILED
99 FEB 18 PM 1:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 18 1999

PATRICE L. KING,           )
                           )
     PLAINTIFF,            )
                           )
VS.                        )    CV97-H-2972-NE
                           )
GOODYEAR TIRE & RUBBER     )
CORPORATION and MARVIN DAVIS, )
                           )
     DEFENDANTS.

## MEMORANDUM OF DECISION

The Court has before it the November 5, 1998 motion of defendants Goodyear Tire & Rubber Corporation (Goodyear) and Marvin Davis for summary judgment. Pursuant to the Court's January 7, 1999 order, the motion was deemed submitted, without oral argument, on January 29, 1999.

### I. Procedural History

Plaintiff Patrice King commenced this action on November 6, 1997 by filing a complaint in this Court alleging that she was racially and sexually harassed by her supervisor, defendant Davis, during her employment with defendant Goodyear. Plaintiff contended that the alleged conduct constitutes (1) racial harassment by Goodyear in violation of Title VII; (2) sexual harassment by Goodyear in violation of Title VII; and (3) assault

and battery by Davis. Defendants' November 5, 1998 motion for summary judgment asserts that plaintiff is judicially estopped from asserting her claims against defendants and lacks standing to maintain the action. Plaintiff filed a brief in opposition to the motion on January 29, 1999.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Id. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant,

probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to **affirmatively** show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. Fitzpatrick, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to

withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. Lewis v. Casey, 518 U.S. 343, 358 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

Plaintiff is a black female employee for Goodyear. On November 3, 1993, Goodyear allegedly failed to offer plaintiff the opportunity to work overtime; plaintiff filed an EEOC Charge of Discrimination based on this conduct on November 23, 1993. (11/23/93 EEOC Charge.) On December 23, 1993, plaintiff filed a worker's compensation claim against Goodyear in a state court. Final judgment in the worker's compensation case was entered on April 29, 1996. (Def.'s Exh. E at 1-3, 9-10.)

On June 18, 1996, plaintiff's supervisor Marvin Davis allegedly made an offensive and unprivileged contact upon plaintiff's person, which is the subject of this action. (Compl. ¶ 9.) Plaintiff filed an EEOC Charge of Discrimination regarding the alleged harassment on June 27, 1996. (6/27/96 EEOC Charge.)

Plaintiff received her right to sue letter based on

5

defendant's failure to offer plaintiff the opportunity to earn overtime pay on July 9, 1996. (7/9/96 EEOC Right to Sue Letter.) On October 7, 1996, plaintiff filed suit against Goodyear for race and sex discrimination under Title VII in its overtime policy in the United States District Court for the Northern District of Alabama. (Def.'s Exh. F at 1-3.)

On April 3, 1997, plaintiff filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama. (Def.'s Exh. D at 37-77.) As a part of this proceeding, plaintiff filed a "Schedule B - Personal Property"; in the portion asking plaintiff to identify "contingent and unliquidated claims of every nature," plaintiff responded "COMP AND DISCRIMINATION SUIT AGAINST GOODYEAR $10." (Def.'s Exh. D at 43, ¶ 20.) On July 31, 1997, the bankruptcy trustee, in her final report, "abandoned any and all property of the estate that is un-administered as of the date of this report." (Def.'s Exh. D at 4.) Plaintiff's Chapter 7 bankruptcy petition was discharged on August 6, 1997. (Def.'s Exh. D at 1-2.)

On December 22, 1997, the district court in the overtime discrimination lawsuit granted summary judgment in favor of Goodyear. (Def.'s Exh. F at 7-17.) Plaintiff received her right to sue letter based on the alleged harassment by Davis on August

8, 1997 and commenced the present action for sexual and racial harassment and assault and battery by filing a complaint in this Court on November 6, 1997. (Compl.; 8/8/97 EEOC Right to Sue Letter.)

### IV. Applicable Substantive Law and Analysis

Plaintiff's complaint contains the following claims: (1) racial harassment by Goodyear in violation of Title VII; (2) sexual harassment by Goodyear in violation of Title VII; and (3) assault and battery by Davis. Defendant's motion for summary judgment asserts that plaintiff is judicially estopped from asserting her claims against defendants and lacks standing to maintain the action.

As a threshold matter, the Court must determine whether plaintiff has standing to bring this suit. "Article III . . . gives the federal courts jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 155 (1990). Defendants contend that the bankruptcy trustee, and not plaintiff, is the real party in interest to this lawsuit.

Property of the bankruptcy estate includes "all legal and equitable interests of a debtor in property as of the

commencement of the case," 11 U.S.C. § 541(a)(1) (1994), including causes of action[1], see, e.g., Dallas Cabana, Inc. v. Hyatt Corp., 441 F.2d 865, 867 n.9 (5th Cir. 1971). Property of the estate that has not been expressly abandoned or administered by the trustee at the time the case is closed remains property of the estate. See 11 U.S.C. § 554(d) (1994). If the debtor has failed to list an asset, she cannot assert abandonment because the trustee has had no opportunity to pursue the claim. See Stein v. United Artists Corp., 691 F.2d 885, 891 (9th Cir. 1982); Krank v. Utica Mut. Ins. Co., 109 B.R. 668, 669 (E.D. Pa.), aff'd, 908 F.2d 962 (3d Cir. 1990). Instead, the debtor must petition the bankruptcy court to reopen proceedings to allow the court to determine whether the trustee should enforce the claim for the benefit of the creditors or abandon it. See Krank, 109 B.R. at 669; see generally Dallas Cabana, 441 F.2d at 868. In the present case, the bankruptcy trustee expressly abandoned "any

---

[1] The fact that plaintiff had not received her right to sue letter for her harassment claim at the time she filed her bankruptcy petition is irrelevant. See Harris v. St. Louis Univ., 114 B.R. 647, 648-49 (E.D. Mo. 1990) (property of estate included Title VII and ADEA claims even though debtor had not filed an EEOC Charge at the time of filing her bankruptcy petition); see generally Segal v. Rochelle, 382 U.S. 375, 379 (1966) ("[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed.").

and all property of the estate that is un-administered as of" July 31, 1997. (Def.'s Exh. D at 4.)  Thus, plaintiff has standing to assert any claims that were known to the trustee at that time.

In Schedule B, plaintiff listed as unliquidated claims "COMP AND DISCRIMINATION CLAIM AGAINST GOODYEAR $10."  As of the date of that pleading, plaintiff had (1) a previously adjudicated claim for worker's compensation against Goodyear; (2) a pending lawsuit against Goodyear for discrimination in its overtime pay scheme; (3) claims against Goodyear for racial and sexual harassment; and (4) a claim against her supervisor, Marvin Davis, for assault and battery.  Plaintiff's statement is vague: "comp" could refer to her previously settled worker's compensation claim or to her discrimination lawsuit involving the lack of opportunity to earn overtime compensation.  Construing plaintiff's bankruptcy pleadings so as to do substantial justice, see Bankruptcy Rule 7008(a) (incorporating Fed. R. Civ. P. 8(f)), plaintiff's statement in Schedule B did not adequately put the trustee on notice of her claim against Goodyear for harassment. There has been no clear manifestation of the bankruptcy trustee to abandon claims for racial and sexual harassment against Goodyear and for assault and battery against Davis.  C.f. Dallas

Cabana, 441 F.2d at 868. The bankruptcy trustee probably construed the words "comp and discrimination claim" as referring to plaintiff's pending lawsuit against Goodyear for failure to offer plaintiff overtime pay, which had been commenced six months before plaintiff filed her bankruptcy petition. Whether the trustee also knew of plaintiff's potential claim against Goodyear and Marvin Davis, which had not been commenced, is mere speculation.[2] C.f. Matter of Baudoin, 981 F.2d 736, 739 n.4 (5th Cir. 1993) (noting that trustee had not abandoned debtor's cause of action where debtor's disclosure of the cause of action was vague).

Because the bankruptcy trustee had no notice of plaintiff's racial and sexual harassment claims against Goodyear and assault and battery claim against Davis, the trustee had no opportunity to pursue those claims. Plaintiff must petition the bankruptcy court to reopen proceedings to allow the court to determine whether the trustee should enforce or abandon the claims against Goodyear and Davis. See Krank, 109 B.R. at 669. At the present time, plaintiff lacks standing to pursue these claims against defendants.

---

[2] This is especially true with respect to the claim against Davis, who was not mentioned in plaintiff's Schedule B.

No material issues of fact remain, and defendants are entitled to judgment as a matter of law. Because the Court finds that plaintiff lacks standing to pursue her cause of action against defendants, it need not address the judicial estoppel issue. A separate order will be entered.

DONE this 18th day of February, 1999.

_____
SENIOR UNITED STATES DISTRICT JUDGE